**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **Flexiworld Technologies, Inc.,** | |
| Plaintiff, | Case No. |
| **v.** | Patent Case |
| **Amazon.com, Inc.,** | Jury Trial Demanded |
| **Amazon.com Services, Inc., and** | |
| **Amazon Web Services, Inc.,** | |
| Defendants. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Flexiworld Technologies, Inc., files this Original Complaint for patent infringement against Amazon.com, Inc., Amazon.com LLC, Amazon.com Services, Inc., and Amazon Web Services, Inc., alleging as follows:

### NATURE OF THE SUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2.      Plaintiff **Flexiworld Technologies, Inc. ("Plaintiff" or "Flexiworld")** is a Washington corporation with its principal place of business at 2716 SE 169th Ave Q147, Vancouver, WA.

3.      Defendant **Amazon.com, Inc. ("AI")** is a Delaware corporation with a principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

4.      Defendant **Amazon.com Services, Inc. ("ASI")** is a Delaware corporation with a principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109. ASI is registered to do business in Texas and can be served via its registered agent, Corporation

Service Company dba CSC – Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

5.      Defendant **Amazon Web Services, Inc. ("AWSI")** is a Delaware corporation with a principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109. AWSI is registered to do business in Texas and can be served via its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

6.      Defendants AI, ALLC, ASI, and AWSI are each individually liable and are jointly and severally liable for infringement of the Patents-in-Suit. Under theories of alter ego, single business enterprise liability, and agency, the conduct of each can be attributed to and considered the conduct of the others for purposes of infringement of the Patents-in-Suit. AI, ALLC, ASI, and AWS have in the past and continue to hold themselves out as a single entity – "Amazon" – acting in concert, with knowledge of each other's actions and control over each other.

7.      Defendants AI, ALLC, ASI, and AWSI are hereinafter collectively referred to as **"Defendants"** or **"Amazon."**

### JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq.* This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and § 1338 (jurisdiction over patent actions).

9.      Amazon is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Amazon because Amazon has engaged in continuous, systematic, and substantial activities within this State, including substantial marketing and sales of products within this State and this District. Furthermore, upon information and belief, this Court has

personal jurisdiction over Amazon because Amazon has committed acts giving rise to Flexiworld's claims for patent infringement within and directed to this District.

10.     Upon information and belief, Amazon has committed acts of infringement in this District and has one or more regular and established places of business within this District under the language of 28 U.S.C. § 1400(b). Thus, venue is proper in this District under 28 U.S.C. § 1400(b).

11.     Amazon maintains a permanent physical presence within the Western District of Texas, conducting business from at least its locations at 11501 and 11601 Alterra Parkway, Austin, Texas 78758.

12.     Upon information and belief, Amazon has conducted and does conduct substantial business in this forum, directly and/or through subsidiaries, agents, representatives, or intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

13.     Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391 and 28 U.S.C. § 1400(b).

## <u>FLEXIWORLD AND THE PATENTS-IN-SUIT</u>

14.     Flexiworld is a pioneer and leading innovator in the field of pervasive wireless technologies.

15.     Flexiworld was founded by American scientist and inventor William Ho Chang and is an innovator engaged in research and development of technologies for wireless applications and embedded solutions in short-range wireless (*e.g.,* Bluetooth, WiFi) and mobile device markets.

16.     Flexiworld has significantly contributed to the innovation of wireless devices such as mobile phones, notebooks, PDAs,  digital cameras, wireless television, wireless printers, and wireless audio devices, etc.

17.     Flexiworld was voted the best early stage company in the Pacific Northwest in 2002 and Flexiworld's business plan was also voted, consecutively, as the top 2 among the "Ten Best" in 2002 and in 2003 by the Business Journal in Silicon Valley, USA.

18.     Flexiworld's innovative work and results have been widely recognized in the industry.  The company's patents have been repeatedly forward cited by major technology companies worldwide, including by Amazon.

19.     Flexiworld develops wireless applications and embedded solutions for the short-range wireless and mobile device market.

20.     William H. Chang, one of the named co-inventors on the Patents-in-Suit, is the founder and President of Flexiworld.  Mr. Chang has been granted over 77 United States patents and over 91 patents worldwide on his inventions.

21.     Christina Ying Liu, one of the named co-inventors on the Patents-in-suit, is a Flexiworld shareholder.  Ms. Liu has been granted over 60 United States patents and over 70 patents worldwide on her inventions.

22.     This cause of action asserts infringement of United States Patent Nos. 8,332,521 ("the '521 Patent"), 8,989,064 ("the '064 Patent"), 9,110,622 ("the '622 Patent"), 10,133,527

("the '527 Patent"), 10,140,072 ("the '072 Patent"), 10,162,596 ("the '596 Patent"), 10,387,087 ("the '087 Patent"), 10,481,846 ("the '846 Patent"), 10,489,096 ("the '096 Patent"), and 10,642,576 ("the '576 Patent")  (collectively, the "Patents-in-Suit").

### The '521 Patent

23.     The '521 Patent, entitled "Internet-pad specification, the internet-pad specification may include a touch sensitive screen, a digital camera, a document application, icons over the touch sensitive screen for user selection, a wireless communication unit for wireless connectivity, a digital content application for playing digital content, and an operating system supporting application programming interface," duly and legally issued on December 11, 2012, from U.S. Patent Application No. 12/903,048, filed on October 12, 2010, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '521 Patent is attached hereto as **Exhibit 1** and is incorporated by reference.

24.     The '521 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

25.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '521 Patent.

26.     An assignment of the '521 Patent from inventors Chang and Liu to Flexiworld is recorded at the United States Patent and Trademark Office ("PTO") at Reel/Frame 026177/0419.

27.     Flexiworld has standing to sue for infringement of the '521 Patent.

### The '064 Patent

28.     The '064 Patent, entitled "Wireless controller wire connectable to output devices such as televisions for accessing digital content and for wireless communication with mobile information apparatus," duly and legally issued on March 24, 2015, from U.S. Patent Application No. 11/929,445, filed on October 30, 2007, naming William Ho Chang and Christina Ying Liu as

the inventors.  A true and correct copy of the '064 Patent is attached hereto as **Exhibit 2** and is incorporated by reference.

29.     The '064 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

30.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '064 Patent.

31.     An assignment of the '064 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 029112/0430.

32.     Flexiworld has standing to sue for infringement of the '064 Patent.

**The '622 Patent**

33.     The '622 Patent, entitled "Internet-Pads that include a digital camera, a touch sensitive screen interface, and support for voice activated commands," duly and legally issued on August 18, 2015, from U.S. Patent Application No. 13/710,306, filed on December 10, 2012, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '622 Patent is attached hereto as **Exhibit 3** and is incorporated by reference.

34.     The '622 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

35.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '622 Patent.

36.     An assignment of the '622 Patent from inventors  Chang and Liu to Flexiworld is at the PTO at Reel/Frame 029839/0535.

37.     Flexiworld has standing to sue for infringement of the '622 Patent.

**The '527 Patent**

38.     The '527 Patent, entitled "Wireless devices that communicate, via short range wireless communication, with a mobile client device for establishing services of the wireless

device with a server over the internet," duly and legally issued on November 20, 2018, from U.S. Patent Application No. 15/358,982, filed on November 22, 2016, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '527 Patent is attached hereto as **Exhibit 4** and is incorporated by reference.

39.     The '527 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

40.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '527 Patent.

41.     An assignment of the '527 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 042385/0202.

42.     Flexiworld has standing to sue for infringement of the '527 Patent.

### The '072 Patent

43.     The '072 Patent, entitled "Sound output system or internet appliance that supports voice activated commands, and that plays audio data received from a service over a network," duly and legally issued on November 27, 2018, from U.S. Patent Application No. 15/494,297, filed on April 21, 2017, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '072 Patent is attached hereto as **Exhibit 5** and is incorporated by reference.

44.     The '072 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

45.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '072 Patent.

46.     An assignment of the '072 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 042385/0202.

47.     Flexiworld has standing to sue for infringement of the '072 Patent.

**The '596 Patent**

48.      The '596 Patent, entitled "Portable electronic device configured to receive voice activated commands and to wirelessly manage or drive an output device," duly and legally issued on December 25, 2018, from U.S. Patent Application No. 15/201,194, filed on July 1, 2016, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '596 Patent is attached hereto as **Exhibit 6** and is incorporated by reference.

49.      The '596 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

50.      Flexiworld is the owner and assignee of all rights, title, and interest in and under the '596 Patent.

51.      An assignment of the '596 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 039815/0200.

52.      Flexiworld has standing to sue for infringement of the '596 Patent.

**The '087 Patent**

53.      The '087 Patent, entitled "Output systems or audio output devices that include an interface operable by a user to initiate wireless discovery for establishing wireless connections with mobile devices," duly and legally issued on August 20, 2019, from U.S. Patent Application No. 15/614,441, filed on June 5, 2017, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '087 Patent is attached hereto as **Exhibit 7** and is incorporated by reference.

54.      The '087 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

55.      Flexiworld is the owner and assignee of all rights, title, and interest in and under the '087 Patent.

56.     An assignment of the '087 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 043035/0205.

57.     Flexiworld has standing to sue for infringement of the '087 Patent.

**The '846 Patent**

58.     The '846 Patent, entitled "Software applications and information apparatus for printing over air or for printing over a network," duly and legally issued on November 19, 2019, from U.S. Patent Application No. 15/697,247, filed on September 6, 2017, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '846 Patent is attached hereto as **Exhibit 8** and is incorporated by reference.

59.     The '846 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

60.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '846 Patent.

61.     An assignment of the '846 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 044174/0659.

62.     Flexiworld has standing to sue for infringement of the '846 Patent.

**The '096 Patent**

63.     The '096 Patent, entitled "Information apparatus and application for receiving digital content from a digital content service over the internet and for playing at least part of the received digital content at an output device," duly and legally issued on November 26, 2019, from U.S. Patent Application No. 15/787,067, filed on October 18, 2017, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '096 Patent is attached hereto as **Exhibit 9** and is incorporated by reference.

64.     The '096 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

65.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '096 Patent.

66.     An assignment of the '096 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 045907/0890.

67.     Flexiworld has standing to sue for infringement of the '096 Patent.

**The '576 Patent**

68.     The '576 Patent, entitled "Mobile information apparatus that includes wireless communication circuitry for discovery of an output device for outputting digital content at the wirelessly discovered output device," duly and legally issued on May 5, 2020, from U.S. Patent Application No. 16/229,896, filed on December 21, 2018, naming William Ho Chang and Christina Ying Liu as the inventors.  A true and correct copy of the '576 Patent is attached hereto as **Exhibit 10** and is incorporated by reference.

69.     The '576 Patent claims patent-eligible subject matter under 35 U.S.C. § 101.

70.     Flexiworld is the owner and assignee of all rights, title, and interest in and under the '576 Patent.

71.     An assignment of the '576 Patent from inventors Chang and Liu to Flexiworld is recorded at the PTO at Reel/Frame 039816/0200.

72.     Flexiworld has standing to sue for infringement of the '576 Patent.

73.     Amazon has not obtained a license to any of the Patents-in-Suit.

74.     Amazon does not have Flexiworld's permission to make, use, sell, offer to sell, or import products that are covered by one or more claims of any of the Patents-in-Suit.

75.     Amazon needs to obtain a license to the Patents-in-Suit and cease its ongoing infringement of Flexiworld's patent rights.

**GENERAL ALLEGATIONS**

76.     Amazon makes, uses, sells, offers to sell, and/or imports into the United States products as claimed in each of the Patents-in-Suit.

77.     Amazon makes, uses, sells, offers to sell, and/or imports into the United States headphones / ear buds that infringe at least one claim of one or more of the Patents-in-Suit, including but not limited to Amazon's Echo Buds product (hereinafter, collectively, **"Echo Buds"**).

78.     Amazon  makes, uses, sells, offers to sell, and/or imports into the United States Echo products that infringe at least one claim of one or more of the Patents-in-Suit, including but not limited to Amazon's Echo, Echo Plus, and/or Echo Dot products (hereinafter, collectively. **"Echo Devices"**).

79.     Amazon makes, uses, sells, offers to sell, and/or imports into the United States Echo Show products that infringe at least one claim of one or more of the Patents-in-Suit, including but not limited to Amazon's Echo Show, Echo Show 5, and/or Echo Show 8 products (hereinafter, collectively, **"Echo Show Devices"**).

80.     Amazon makes, uses, sells, offers to sell, and/or imports into the United States Fire tablet products that infringe at least one claim of one or more of the Patents-in-Suit, including but not limited to its Fire HD 6, Fire HD 7, Fire HDX 8.9, Fire 7, Fire HD 8, and/or Fire HD 10 products (hereinafter, collectively, **"Fire Tablets"**).

81.     Amazon makes, uses, sells, offers to sell, and/or imports into the United States Fire tablet products that infringe at least one claim of one or more of the Patents-in-Suit, including but not limited to its Fire TV Stick, Fire TV Stick 4K, and/or Fire TV Cube products (hereinafter, collectively, **"Fire TV Devices"**).

82.     Amazon has infringed and continues to infringe (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of each of the Patents-in-Suit by making, using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States its Echo Buds, Echo Devices, Echo Show Devices, Fire Tablets, and/or Fire TV Devices (collectively **"the Accused Products"**).

83.     Amazon's customers have directly infringed and continue to directly infringe the Patents-in-Suit by using the Accused Products purchased from Amazon.  Through its product manuals and/or sales and marketing activities, Amazon solicits, instructs, encourages, and aids and abets its customers to purchase and use the Accused Products in an infringing way.

84.     Amazon has knowledge of the Patents-in-Suit at least as of the filing of this lawsuit.

85.     Amazon's ongoing actions are with specific intent to cause infringement of one or more claims of each of the Patents-in-Suit.

86.     Further discovery may reveal earlier knowledge of one or more of the Patents-in-Suit, which would provide additional evidence of Amazon's specific intent and/or willful blindness with respect to infringement.

87.     Flexiworld has been and continues to be damaged as a result of Amazon's infringing conduct. Amazon is therefore liable to Flexiworld in an amount that adequately compensates Flexiworld for Amazon's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

88.     Amazon markets and sells other products that are not covered by the claims of the Patents-in-Suit but that are sold with or in conjunction with the Accused Products.  Accordingly,

Flexiworld is entitled to collect damages from Amazon for convoyed sales of certain non-patented items.

89.     Amazon failed to obtain permission from Flexiworld to make, use, sell, offer to sell, or import products incorporating the inventions claimed in the Patents-in-Suit including, but not limited to, the Accused Products.

90.     Attached hereto are **Exhibits 11-20**, and incorporated herein by reference, are representative claim charts detailing how the exemplar Accused Products have, and continue to, infringe the Patents-in-Suit.

91.     For each count of infringement listed below, Flexiworld incorporates and re-states the allegations contained in the preceding paragraphs above, including these General Allegations, as if fully set forth in each count of infringement.

## <u>COUNT I – INFRINGEMENT OF THE '521 PATENT</u>

92.     Flexiworld incorporates herein the allegations made in paragraphs 1 through 91.

93.     Amazon has and continues to directly infringe one or more claims of the '521 Patent, including, for example, claim 15, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, its Fire Tablets.

94.     Additionally, Amazon is indirectly infringing the '521 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Fire Tablets and/or by instructing customers how to use the Fire Tablets in a way that directly infringes at least claim 15 of the '521 Patent.

95.     Amazon has had actual knowledge of the '521 Patent since at least service of this lawsuit.

96.     Amazon's ongoing actions represent a specific intent to induce infringement of at least claim 15 of the '521 Patent.

97.     An exemplary claim chart demonstrating Amazon's infringement of the '521 Patent is attached as **Exhibit 11** and incorporated herein by reference.

98.     As a result of Amazon's infringement of the '521 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF THE '064 PATENT

99.     Flexiworld incorporates herein the allegations made in paragraphs 1 through 91.

100.    Amazon has and continues to directly infringe one or more claims of the '064 Patent, including, for example, claim 15, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, its Fire TV Devices.

101.    Additionally, Amazon is indirectly infringing the '064 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Fire TV Devices and/or by instructing customers how to use the Fire TV Devices in a way that directly infringes at least claim 15 of the '064 Patent.

102.    Amazon has had actual knowledge of the '064 Patent since at least service of this lawsuit.

103.    An exemplary claim chart demonstrating Amazon's infringement of the '064 Patent is attached as **Exhibit 12** and incorporated herein by reference.

104.    As a result of Amazon's infringement of the '064 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT III – INFRINGEMENT OF THE '622 PATENT

105.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 91.

106.    Amazon has and continues to directly infringe one or more claims of the '622 Patent, including, for example, claim 15, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, its Fire Tablets.

107.    Additionally, Amazon is indirectly infringing the '622 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Fire Tablets and/or by instructing customers how to use the Fire Tablets in a way that directly infringes at least claim 15 of the '622 Patent.

108.    Amazon has had actual knowledge of the '622 Patent since at least service of this lawsuit.

109.    An exemplary claim chart demonstrating Amazon's infringement of the '622 Patent is attached as **Exhibit 13** and incorporated herein by reference.

110.    As a result of Amazon's infringement of the '622 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT IV – INFRINGEMENT OF THE '527 PATENT

111.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 91.

112.    Amazon has and continues to directly infringe one or more claims of the '527 Patent, including, for example, claim 8, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, its Echo Devices.

113.    Additionally, Amazon is indirectly infringing the '527 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Echo Devices and/or by instructing customers how to use the Echo Devices in a way that directly infringes at least claim 8 of the '527 Patent.

114.    Amazon has had actual knowledge of the '527 Patent since at least service of this lawsuit.

115.    An exemplary claim chart demonstrating Amazon's infringement of the '527 Patent is attached as **Exhibit 14** and incorporated herein by reference.

116.    As a result of Amazon's infringement of the '527 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT V – INFRINGEMENT OF THE '072 PATENT

117.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 91.

118.    Amazon has and continues to directly infringe one or more claims of the '072 Patent, including, for example, claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, its Echo Devices.

119.    Additionally, Amazon is indirectly infringing the '072 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Echo Devices and/or by instructing customers how to use the Echo Devices in a way that directly infringes at least claim 1 of the '072 Patent.

120.    Amazon has had actual knowledge of the '072 Patent since at least service of this lawsuit.

121.     An exemplary claim chart demonstrating Amazon's infringement of the '072 Patent is attached as **Exhibit 15** and incorporated herein by reference.

122.     As a result of Amazon's infringement of the '072 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

### COUNT VI – INFRINGEMENT OF THE '596 PATENT

123.     Flexiworld incorporates herein the allegations made in paragraphs 1 through 91.

124.     Amazon has and continues to directly infringe one or more claims of the '596 Patent, including, for example, claim 14, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, its Fire Tablets.

125.     Additionally, Amazon is indirectly infringing the '596 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Fire Tablets and/or by instructing customers how to use the Fire Tablets in a way that directly infringes at least claim 14 of the '596 Patent.

126.     Amazon has had actual knowledge of the '596 Patent since at least service of this lawsuit.

127.     An exemplary claim chart demonstrating Amazon's infringement of the '596 Patent is attached as **Exhibit 16** and incorporated herein by reference.

128.     As a result of Amazon's infringement of the '596 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

### COUNT VII – INFRINGEMENT OF THE '087 PATENT

129.     Flexiworld incorporates herein the allegations made in paragraphs 1 through 91.

130.     Amazon has and continues to directly infringe one or more claims of the '087 Patent, including, for example, claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, its Echo Buds.

131.     Additionally, Amazon is indirectly infringing the '087 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Echo Buds and/or by instructing customers how to use the Echo Buds in a way that directly infringes at least claim 1 of the '087 Patent.

132.     Amazon has had actual knowledge of the '087 Patent since at least service of this lawsuit.

133.     An exemplary claim chart demonstrating Amazon's infringement of the '087 Patent is attached as **Exhibit 17** and incorporated herein by reference.

134.     As a result of Amazon's infringement of the '087 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## <u>COUNT VIII – INFRINGEMENT OF THE '846 PATENT</u>

135.     Flexiworld incorporates herein the allegations made in paragraphs 1 through 91.

136.     Amazon has and continues to directly infringe one or more claims of the '846 Patent, including, for example, claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, its Fire Tablets.

137.     Additionally, Amazon is indirectly infringing the '846 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Fire Tablets and/or by instructing

customers how to use the Fire Tablets in a way that directly infringes at least claim 1 of the '846 Patent.

138.    Amazon has had actual knowledge of the '846 Patent since at least service of this lawsuit.

139.    An exemplary claim chart demonstrating Amazon's infringement of the '846 Patent is attached as **Exhibit 18** and incorporated herein by reference.

140.    As a result of Amazon's infringement of the '846 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty

## COUNT IX – INFRINGEMENT OF THE '096 PATENT

141.    Flexiworld incorporates herein the allegations made in paragraphs 1 through 91.

142.    Amazon has and continues to directly infringe one or more claims of the '096 Patent, including, for example, claim 12, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, its Echo Devices.

143.    Additionally, Amazon is indirectly infringing the '096 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Echo Devices and/or by instructing customers how to use the Echo Devices in a way that directly infringes at least claim 12 of the '096 Patent.

144.    Amazon has had actual knowledge of the '096 Patent since at least service of this lawsuit.

145.    An exemplary claim chart demonstrating Amazon's infringement of the '096 Patent is attached as **Exhibit 19** and incorporated herein by reference.

146.     As a result of Amazon's infringement of the '096 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT X – INFRINGEMENT OF THE '576 PATENT

147.     Flexiworld incorporates herein the allegations made in paragraphs 1 through 91.

148.     Amazon has and continues to directly infringe one or more claims of the '576 Patent, including, for example, claim 15, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, its Fire Tablets.

149.     Additionally, Amazon is indirectly infringing the '576 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the Fire Tablets and/or by instructing customers how to use the Fire Tablets in a way that directly infringes at least claim 15 of the '576 Patent.

150.     Amazon has had actual knowledge of the '576 Patent since at least service of this lawsuit.

151.     An exemplary claim chart demonstrating Amazon's infringement of the '576 Patent is attached as **Exhibit 20** and incorporated herein by reference.

152.     As a result of Amazon's infringement of the '576 Patent, Flexiworld has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Flexiworld demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Flexiworld respectfully requests that this Court enter judgment in its favor and grant the following relief:

a.  A judgment that Amazon has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b.  A judgment and order requiring Amazon to pay Flexiworld past and future damages under 35 U.S.C. § 284, including for supplemental damages arising from any continuing post-verdict infringement for the time between trial and entry of the final judgment with an accounting, as needed, as provided by 35 U.S.C. § 284;

c.  A judgment and order requiring Amazon to pay Flexiworld reasonable ongoing royalties on a going-forward basis after final judgment;

d.  A judgment and order requiring Amazon to pay Flexiworld pre-judgment and post-judgment interest on the damages award;

e.  A judgment and order requiring Amazon to pay Flexiworld's costs; and

f.  Such other and further relief as the Court may deem just and proper.

Dated:  June 22, 2020

Respectfully submitted,

ERIC M. ALBRITTON
STATE BAR NO. 00790215
ANDREW J. WRIGHT
STATE BAR NO. 24063927
NELSON BUMGARDNER ALBRITTON PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
817.377.9111 (telephone)
903.758.7397 (facsimile)
ema@nbafirm.com
andrew@nbafirm.com

TIMOTHY E. GROCHOCINSKI
ILLINOIS BAR NO. 6295055
JOSEPH P. OLDAKER
ILLINOIS BAR NO. 6295319
NELSON BUMGARDNER ALBRITTON PC
15020 S. Ravinia Avenue, Suite 29
Orland Park, Illinois 60462
708.675.1974 (telephone)
tim@nbafirm.com
joseph@nbafirm.com

COUNSEL FOR PLAINTIFF
FLEXIWORLD TECHNOLOGIES, INC.

**ORIGINAL COMPLAINT**