**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| FLEXIWORLD TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC.; <br> AMAZON.COM SERVICES LLC; and <br> AMAZON WEB SERVICES, INC., <br><br> Defendants. | Civil Action No. 6:20-cv-00553-ADA <br><br> **JURY TRIAL DEMANDED** |

**AMAZON'S OPPOSED MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................ 1

II. STATEMENT OF FACTS ........................................................................................... 2

    A. Flexiworld Is Based in Vancouver, Washington ............................................. 2

    B. The Patents-In-Suit .......................................................................................... 3

    C. Flexiworld's Prosecution Attorneys Are Located in Portland, Oregon ........... 3

    D. Amazon Is Headquartered in Seattle and Its Witnesses and Documents Are Concentrated in Seattle and Northern California ...................................... 4

III. THIS CASE SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF WASHINGTON .................................................................................. 4

    A. Flexiworld Could Have Filed This Case in the Western District of Washington ....................................................................................................... 5

    B. The Private Factors Weigh in Favor of Transfer to the Western District of Washington ................................................................................................... 6

        1. The Relative Ease of Access to Sources of Proof Weighs Heavily in Favor of Transfer ....................................................................... 6

        2. The Availability of Compulsory Process to Secure the Attendance of Witnesses Weighs in Favor of Transfer ................................. 7

        3. The Cost of Attendance for Willing Witnesses Weighs in Favor of Transfer ................................................................................................ 8

        4. The "Other Practical Problems" Factor is Neutral ............................. 11

    C. The Public Factors Weigh in Favor of Transfer to the Western District of Washington ................................................................................................. 11

        1. The Court Congestion Factor Weighs in Favor of Transfer .............. 11

        2. The Local Interest in Having Localized Interests Decided at Home Weighs in Favor of Transfer .................................................... 12

        3. The Courts' Familiarity with Governing Law Weighs in Favor of Transfer or Is Neutral ..................................................................... 12

        4. The Avoidance of Conflicts Factor Is Neutral ................................... 13

IV. CONCLUSION ........................................................................................................... 13

# TABLE OF AUTHORITIES

**CASES**                                                     **PAGE(S)**

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*,
  358 F.3d 337 (5th Cir. 2004) ..................................................................................................5

*In re Acer Am. Corp.*,
  626 F.3d 1252 (Fed. Cir. 2010)................................................................................................6

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009).......................................................................................6, 8, 11

*In re Morgan Stanley*,
  417 Fed. App'x. 947 (Fed. Cir. 2011)....................................................................................11

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ...................................................................................................5

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ...................................................................................................5

*In re Volkswagen of Am., Inc.*,
  566 F.3d 1349 (Fed. Cir. 2009)..............................................................................................11

*Meeks+Partners Co. v. Amrit Dev., Inc.*,
  No. 4:07-CV-1933, 2009 WL 10695108 (S.D. Tex. Jan. 26, 2009)..................................12

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981).................................................................................................................5

*XY, LLC v. Trans Ova Genetics, LC*,
  No. W-16-CA-00447-RP, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) ...........................6

**STATUTES**

28 U.S.C. § 1400(b) ........................................................................................................................6

28 U.S.C. § 1404(a) .................................................................................................................. *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 45(c)(1)(A) ...........................................................................................................7

**I.      INTRODUCTION**

This case was brought by a Western District of Washington-based plaintiff against a Western District of Washington-based defendant. The majority of the 28 U.S.C. § 1404(a) factors weigh towards transferring the case to the Western District of Washington, and the remaining factors are neutral. The most logical and convenient venue for this case is the Western District of Washington.

Plaintiff Flexiworld Technologies, Inc. ("Flexiworld") is a Washington state corporation headquartered in Vancouver, Washington. Flexiworld's founder and president, who is also a named inventor on the ten asserted patents ("the Patents-in-Suit"), appears to live in Vancouver, Washington. Defendants Amazon.com, Inc., Amazon.com Services LLC,[1] and Amazon Web Services, Inc. (collectively, "Amazon") are headquartered in Seattle, Washington. Amazon also expects to seek prior art and witness testimony from the Bluetooth Special Interest Group, which is based in Kirkland, Washington. All three cities—Vancouver, Seattle, and Kirkland—are located in the Western District of Washington.

In addition to the witnesses located in the Western District of Washington, there are also relevant witnesses located closer to that venue than this District. The patent attorneys that prosecuted the Patents-in-Suit are located in Portland, Oregon and have relevant information, including representations that the attorneys and Flexiworld made to the Patent Office concerning the priority dates for, and ownership of, the claimed subject matter. And the other inventor named on the Patents-in-Suit appears to be located in the Norther District of California. Both

---

[1] Flexiworld's Complaint names Amazon Services, Inc. as a defendant. Amazon Services, Inc. is now Amazon.com Services LLC. This Motion therefore identifies Amazon.com Services LLC as the defendant.

Portland and the Northern District of California are far closer to the Western District of Washington than to this District.

Despite the obvious connections of this case to the Western District of Washington and the convenience of litigating this case in that forum, Flexiworld chose to file this case in the Western District of Texas, two thousand miles away from Flexiworld's office. Flexiworld cannot justify maintaining this action in this District. Flexiworld does not appear to have any offices, employees, or other connection to Texas. And the bulk of Amazon's witnesses knowledgeable about the accused functionality in Amazon's products are located in Seattle, Washington and Northern California. Amazon is not aware of any relevant Amazon employees or third parties located in Texas.

Accordingly, the transfer factors weigh heavily in favor of transferring this case to the Western District of Washington, and Amazon respectfully requests that this Court grant Amazon's motion to transfer under 28 U.S.C. § 1404(a).

## II. STATEMENT OF FACTS

### A. Flexiworld Is Based in Vancouver, Washington.

Flexiworld appears to be a failed company that previously developed, marketed, and attempted to sell products in the early 2000s.[2] During that time frame, Flexiworld was located in Portland, Oregon.[3] (Manek Decl., Ex. A.)

---

[2] Flexiworld's website identifies three prior products: a Bluetooth-enabled USB flash drive called FlexiJet; an IP-telephony device called FlexiTalk; and a Bluetooth-enabled presentation device called FlexiPresenter. *See Unique Products,* FLEXIWORLD TECHNOLOGIES, http://www.flexiwave.com/products1.asp.

[3] All references to the "Manek Decl." are to the Declaration of Amisha Manek in support of this Motion.

Flexiworld now appears to be a non-practicing entity. Flexiworld's website notes that it conducts research and development, pre-sales, customer support, and quality assurance activities, but its website (which bears a 2005-06 copyright) does not identify any products or services currently available for sale. (Manek Decl., Ex. B.) Instead, Flexiworld only promotes its "strong patent portfolio" that "creates [a] strong barrier for entry for other companies." (*Id.*)

According to Flexiworld's Complaint, Flexiworld's principal place of business is located at 2716 SE 169th Ave Q147, Vancouver, Washington 98683. (Dkt. No. 1 ("Complaint") at ¶ 2.) Flexiworld's filings with the Washington Secretary of State and the United States Patent and Trademark Office state that its founder, president, and an inventor of the Patents-in-Suit, William Ho Chang, resides in Vancouver, Washington. (Manek Decl., Exs. C, D.) Flexiworld's website identifies one other employee, a manager based in Taipei, Taiwan. (Manek Decl., Ex. E.) Amazon is not aware of Flexiworld having any personnel, offices, or facilities in Texas.

**B.     The Patents-In-Suit**

In this case, Flexiworld asserts against Amazon numerous claims across the ten Patents-in-Suit. Each Patent-in-Suit ultimately claims priority to one or more of three patent applications filed by Flexiworld in the early 2000s. The disclosures of the three patent applications discuss similar subject matter and are directed primarily to outputting data, primarily through printing, that is transmitted from an "information apparatus" to an output device. (*See, e.g.*, Dkt. No. 1-1 (U.S. Patent No. 8,332,521) at 1:32-51; Dkt. No. 1-2 (U.S. Patent No. 8,989,064) at 5:31-37; Dkt. No. 1-9 (U.S. Patent No. 10,489,096) at 1:44-67.)

**C.     Flexiworld's Prosecution Attorneys Are Located in Portland, Oregon.**

The prosecuting attorneys of the Patents-in-Suit at Chernoff, Vilhauer, McClung & Stenzel, LLP and Kolisch Hartwell, P.C. are based in Portland, Oregon. (Manek Decl., Exs.

F, G.) Attorneys at Kolisch Hartwell, P.C. also represented Flexiworld in assignments of the Patents-in-Suit from inventors William Ho Chang and Christina Ying Liu. (Manek Decl., Ex. H.)

### D. Amazon Is Headquartered in Seattle and Its Witnesses and Documents Are Concentrated in Seattle and Northern California.

Amazon's headquarters are located in Seattle, Washington. (Complaint, ¶¶ 3-5.) Flexiworld accuses Amazon smartphones, tablets, and various "smart" devices of infringement, including Amazon's Fire Phones, Fire Tablets, Fire TV Devices, Echo Devices, and Echo Buds ("Accused Products"). (*See, e.g.*, Dkt. Nos. 1-11 to 1-20.) The majority of Amazon's witnesses and documents relevant to the design, development, implementation, and operation of the relevant functionality in the Accused Products are located in Seattle, Washington; the San Francisco Bay Area; Los Angeles, California; Boston, Massachusetts; Chennai, India; and Beijing, China. (Batta Decl. at ¶¶ 5-6; Pearl Decl. at ¶ 5; Wei Declaration at ¶ 4; Liu Declaration at ¶¶ 5-6; Chandwani Decl. at ¶ 4; Van Bruggen Declaration at ¶¶ 5-6.)[4] Amazon witnesses with knowledge of financial matters and marketing regarding the Accused Products are located in Seattle, Washington. (Caruccio Decl. at ¶ 3.)[5]

### III. THIS CASE SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF WASHINGTON.

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have

---

[4] References to the "Batta Decl." are to the Declaration of Ganesha Adkasthala Ganapathi Batta; references to the "Pearl Decl." are to the Declaration of Joshua Pearl; references to the "Wei Decl." are to the Declaration of Qingyun Wei; references to the "Liu Decl." are to the Declaration of Tracy Liu; references to the "Chandwani Decl." are to the Declaration of Mukul Chandwani; and references to the "Van Bruggen Decl." are to the Declaration of Conrad Van Bruggen.

[5] References to the "Caruccio Decl." are to the Declaration of Enerino Caruccio.

been brought or to any district or division to which all parties have consented. "The determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote and citation omitted). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.10, 315 (5th Cir. 2008) (hereinafter "*Volkswagen II*").

Here, the private and public transfer factors weigh heavily in favor of transfer to the Western District of Washington, where both parties are based.

### A. Flexiworld Could Have Filed This Case in the Western District of Washington.

As an initial matter, this case is eligible for transfer under Section 1404(a) because Flexiworld could have filed its Complaint against Amazon in the Western District of Washington. In an action for patent infringement, venue is appropriate "where the defendant re-

sides" or "has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).  As the Complaint notes, defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. are Delaware corporations with their principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.  (Complaint, ¶¶ 3-5.)  Flexiworld has accused Amazon's conduct, such as Amazon's selling of the Accused Products, that has occurred throughout the United States, including in the Western District of Washington.

### B. The Private Factors Weigh in Favor of Transfer to the Western District of Washington.

#### 1. The Relative Ease of Access to Sources of Proof Weighs Heavily in Favor of Transfer.

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer."  *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).  "Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *Id.*  Additionally, in evaluating this factor, "the Court will look to the location where the allegedly infringing products were researched, designed, developed and tested."  *XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-00447-RP, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017); *see also In re Acer Am. Corp.*, 626 F.3d 1252, 1255–56 (Fed. Cir. 2010) (analyzing physical evidence under the first private interest factor and witness convenience under the third private interest factor).

Because the relevant functionalities of the Accused Products were designed and developed primarily in Seattle and the San Francisco Bay Area, the bulk of relevant design and development documents related to the Accused Products were generated and is most easily accessible in those two locations.  (Batta Decl. at ¶¶ 5-6; Pearl Decl. at ¶ 5; Wei Decl. at ¶ 4; Liu Decl. at ¶¶ 5-6; Chandwani Decl. at ¶ 4; Van Bruggen Decl. at ¶¶ 5-6.)  Amazon's records

6

and documents relating to financial issues and marketing for the accused products are also located in Seattle, Washington. (Caruccio Decl. at ¶ 3.)

Additionally, as discussed in more detail below, the Bluetooth Special Interest Group ("Bluetooth SIG") is located in Kirkland, Washington. Because that is the Bluetooth SIG's only location, Amazon expects that its documentary evidence will also be located in Kirkland, which is in the Western District of Washington.

Flexiworld does not appear to conduct any business in Texas. To the extent that Flexiworld or inventor Chang have relevant documents, they are likely to be in the Western District of Washington, where Flexiworld is headquartered and where Mr. Chang resides.

This factor therefore weighs heavily in favor of transfer.

### 2. The Availability of Compulsory Process to Secure the Attendance of Witnesses Weighs in Favor of Transfer.

A court may subpoena a witness to attend trial only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Similarly, a court may subpoena a witness within the state when the witness is a party, an officer of the party, or a person who would not incur substantial expense when commanded to attend trial. *Id.* at 45(c)(1)(B).

Based on Amazon's investigation thus far, Amazon believes that the most relevant third-party witnesses are located in the Western District of Washington. Amazon believes that technical specifications and witnesses from the Bluetooth SIG will be central to both the invalidity and infringement allegations in this case. The Bluetooth SIG is a standards organization founded in 1998—two years before the earliest priority date for any of the Patents-in-Suit—to oversee the development of the Bluetooth wireless standards and the licensing of Bluetooth technologies to manufacturers. (Manek Decl., Ex. I.) The Bluetooth SIG has only one office

7

in the United States—its headquarters located in Kirkland, Washington. (Manek Decl., Ex. J.) Amazon's identification of the Bluetooth SIG as a source of potential prior art is not merely speculative, as Amazon cited Bluetooth related documents in its invalidity contentions. Moreover, Bluetooth-related technical papers are cited on the face of the Patents-in-Suit, and Bluetooth is mentioned several times in the specifications of the Patents-in-Suit. (*See, e.g.*, Dkt. No. 1-1 (U.S. Patent No. 8,332,521) at 16:19-32; Dkt. No. 1-2 (U.S. Patent No. 8,989,064) at 18:16-22; Dkt. No. 1-9 (U.S. Patent No. 10,489,096) at 23:32-42.) Additionally, nine out of Flexiworld's ten infringement claim charts include citations to the Bluetooth connections in Amazon's Accused Products. (*See* Dkt. Nos. 1-11 to 1-17, 1-19, and 1-20.) Because the Bluetooth SIG's Kirkland, Washington headquarters—which is its only United States office—is located in the Western District of Washington, it is subject to the subpoena power of that court, but it is outside the subpoena power of the Western District of Texas.

Amazon is not aware of any potential third-party witnesses in this District. This factor therefore weighs in favor of transfer.

### 3. The Cost of Attendance for Willing Witnesses Weighs in Favor of Transfer.

The convenience of witnesses is the single most important factor in the transfer analysis. *In re Genentech, Inc.*, 566 F.3d at 1342. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *Id.* at 1343 (internal quotation marks and citation omitted).

For likely party witnesses, the cost of attendance in this District would be significantly higher than in the Western District of Washington. Amazon believes that most party witnesses for Flexiworld and Defendants are located in the Western District of Washington or the San

Francisco Bay Area. The Western District of Washington courthouse in Seattle is less than one mile from Amazon's headquarters located at 410 Terry Avenue North, Seattle, and the courthouse located in Tacoma is roughly thirty-five miles away. (Manek Decl., Exs. K, L.) For Flexiworld, the courthouse in Seattle is less than a three-hour drive from its principal place of business located in Vancouver, Washington, which is also where its founder, president, and an inventor of the Patents-in-Suit, William Ho Chang, appears to reside. (Manek Decl., Ex. M.) The courthouse located in Tacoma is just over a two-hour drive from Vancouver, Washington. (Manek Decl., Ex. N.) In contrast, for Amazon's witnesses located in Seattle, Washington and Flexiworld's witnesses located in Vancouver, Washington, travel by air to Waco, Texas requires a minimum of one stop and flight travel time of over five hours, in addition to travel time to and from the airports. (Manek Decl., Exs. O, P.)

For Amazon's witnesses located in the San Francisco Bay Area, travel to Seattle, Washington is easily achieved via a direct flight of just over two hours, whereas flying to Waco, Texas requires at least five hours of travel time via at least one connecting flight.[6] (Manek Decl., Exs. Q, R.)

Though Amazon expects the vast majority of its witnesses to be from Seattle, Washington or the San Francisco Bay Area, travel to Seattle is also more convenient for its potential witnesses from other locations. For Amazon's witnesses located in Los Angeles, California, travel to Seattle is easily achieved via a direct flight, under three-hour flight, whereas flying to Waco requires a minimum of one stop and the shortest flight travel time is just under five

---

[6] To the extent Amazon has any knowledgeable witnesses in its Austin offices, this District would be closer to them than the Western District of Washington. But, as discussed above, Amazon expects that most, if not all, of its witnesses will be located within the Western District of Washington or in Northern California.

9

hours.  (Manek Decl., Exs. S, T.)  For Amazon's witnesses located in Chennai, India, the shortest travel time to Seattle is just over twenty-two hours with one stop, whereas the shortest travel time to Waco is approximately thirty hours with three stops.  (Manek Decl., Exs. U, V.)  For Amazon's witnesses in Boston, there is a direct flight to Seattle with a travel time of six hours and thirteen minutes, whereas flying to Waco requires at least one connection and has a shortest travel time of six hours and twenty-one minutes.  (Manek Decl., Exs. W, X.)  For Amazon's witnesses in Beijing, China, the shortest travel time to Seattle is just over twenty-four hours with two stops, whereas shortest travel time to Waco is over forty-six hours with three stops. (Manek Decl., Exs. Y, Z.)

One of the co-inventors of the Patents-in-Suit, Christina Ying Liu, appears to reside in San Francisco.  (Manek Decl., Ex. D.)  If she is a willing witness for Flexiworld, it would be more convenient for her to travel to Seattle than to Waco, as addressed above.  To the extent that there are any Flexiworld witnesses based in Taiwan, a direct flight of ten hours thirty-five minutes is available to Seattle from Taipei, whereas flying to Waco takes over twenty-seven hours and requires at least two stops.  (Manek Decl., Exs. AA, AB.)  Amazon is not aware of any Flexiworld witnesses who are located in this District.

The prosecuting attorneys of the Patents-in-Suit and the attorneys who represented Flexiworld in assignments of the Patents-in-Suit are based in Portland, Oregon, which is under a three-hour *drive* to the courthouse in Seattle and just over a two-hour *drive* to the courthouse in Tacoma.  (Manek Decl., Exs. AC, AD.)  Travel to Waco from Portland would require at least one stop and over five hours of travel time.  (Manek Decl., Ex. P.)  This factor therefore weighs in favor of transfer.

10

### 4. The "Other Practical Problems" Factor is Neutral.

When evaluating practical problems, courts consider whether judicial economy weighs in favor of or against transfer. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). This factor is neutral because neither the Western District of Texas nor the Western District of Washington has experience with the Patents-in-Suit prior to this case.

## C. The Public Factors Weigh in Favor of Transfer to the Western District of Washington.

### 1. The Court Congestion Factor Weighs in Favor of Transfer.

Courts analyzing this factor may consider the speed with which a case can be tried and resolved. *In re Genentech, Inc.*, 566 F.3d at 1347. But speed to trial is less significant in a case such as this where the plaintiff is a non-practicing entity that "does not make or sell any product that practices the claimed invention." *In re Morgan Stanley*, 417 Fed. App'x. 947, 950 (Fed. Cir. 2011). Such entities are not in need of a quick resolution because their position in the market is not under threat. *Id*.

While this Court sets quick schedules for its patent cases, the number of patent cases filed in the Western District of Texas far exceeds the number of patent cases filed in the Western District of Washington. This District currently has 590 patent cases pending, with over 550 of those cases pending before this Court. (Manek Decl., Ex. AE.) By contrast, the Western District of Washington has just 41 open patent cases. (Manek Decl., Ex. AF.) The highest number of open patent cases assigned to any judge in the Western District of Washington is 12 cases. (*Id.*) As for the total number of pending civil cases, this District has 3,184 open civil cases, whereas the Western District of Washington has 1,826 open civil cases. (Manek Decl., Exs. AG, AH.) Because of these differences, the court congestion factor weighs in favor of transfer.

11

### 2. The Local Interest in Having Localized Interests Decided at Home Weighs in Favor of Transfer.

Amazon acknowledges that its presence in this District creates a limited amount of local interest. But Amazon is headquartered in Seattle, it has a much larger presence there, and the engineers and managers who developed the Accused Products reside primarily in either the Greater Seattle Area or the San Francisco Bay Area. (Batta Decl. at ¶¶ 5-6; Pearl Decl. at ¶ 5; Wei Decl. at ¶ 4; Liu Decl. at ¶¶ 5-6; Chandwani Decl. at ¶ 4; Van Bruggen Decl. at ¶¶ 5-6.) Additionally, Flexiworld is headquartered in Vancouver, Washington, and its founder, president, and an inventor of the Patents-in-Suit appears to reside in Vancouver, Washington. The local interest in the resolution of this dispute between two Western District of Washington based companies far exceeds the local interest in this District. This factor, therefore, weighs towards transfer.

### 3. The Courts' Familiarity with Governing Law Weighs in Favor of Transfer or Is Neutral.

Both the Western District of Texas and the Western District of Washington are familiar with patent law, and in that regard this factor is neutral. But to the extent that there are any remaining issues concerning the assignment agreement that Flexiworld entered with Samsung, this factor will weigh towards transfer. That assignment agreement, which Amazon contends is relevant to whether Flexiworld has standing to assert a number of the Patents-in-Suit, states that it shall be interpreted under Washington state law.[7] Flexiworld disputes Amazon's interpretation of the Samsung Agreement. While this Court might have some familiarity with Washington state contract law, the Western District of Washington will have more familiarity. *Meeks+Partners Co. v. Amrit Dev., Inc.*, No. 4:07-CV-1933, 2009 WL 10695108, at *13 (S.D.

---

[7] The Flexiworld Samsung Assignment Agreement was filed under seal on October 7, 2020 as Exhibit D to the Declaration of Daniel T. Shvodian (Dkt. No. 34).

Tex. Jan. 26, 2009) (finding that "[t]o the extent Florida law applies to [a] contract, Florida courts have a superior ability to interpret the applicable law, although both courts are able to interpret each other's law" and granting transfer to the Southern District of Florida). Therefore, to the extent that issues remain concerning the Samsung assignment agreement, this factor weighs towards transfer.

### 4. The Avoidance of Conflicts Factor Is Neutral.

The avoidance of conflicts concerning the application of foreign law is neutral because, to the extent any issues arise related to discovery in foreign jurisdictions, both courts are equally able to address those issues.

## IV. CONCLUSION

Three of the private factors and two or three of the public factors weigh in favor of transfer. None of the factors weigh against transfer. Therefore, transfer is warranted, and Amazon respectfully requests that the Court transfer this action to the Western District of Washington under 28 U.S.C. § 1404(a).

Dated:  November 20, 2020                    Respectfully submitted,

                                             */s/ Daniel T. Shvodian*
                                             M. Craig Tyler, Bar No. 794762
                                             PERKINS COIE LLP
                                             500 W 2nd St, Suite 1900
                                             Austin, TX  78701-4687
                                             Telephone: (737) 256-6113
                                             Facsimile: (737)256-6300

                                             Daniel T. Shvodian, *Admitted Pro Hac Vice*
                                             Wing H. Liang, *Admitted Pro Hac Vice*
                                             Amisha Manek, *Admitted Pro Hac Vice*
                                             PERKINS COIE LLP
                                             3150 Porter Drive
                                             Palo Alto, CA  94304-1212
                                             Telephone: (650) 838-4300
                                             Facsimile: (650) 838-4350

                                             Christina McCullough, *Admitted Pro Hac Vice*
                                             Stevan R. Stark, *Admitted Pro Hac Vice*
                                             Theresa H. Nguyen, *Admitted Pro Hac Vice*
                                             PERKINS COIE LLP
                                             1201 Third Avenue, Suite 4900
                                             Seattle, WA 98101-3099
                                             Telephone: (206) 359-8000
                                             Facsimile: (206) 359-9000

                                             *Attorneys for Defendants*
                                             Amazon.com, Inc.;
                                             Amazon.com Services LLC; and
                                             Amazon Web Services, Inc.

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on November 20, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

                                                      */s/ Daniel T. Shvodian*
                                                      Daniel T. Shvodian