IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FLEXIWORLD TECHNOLOGIES, INC., §<br>    *Plaintiff* §<br>§<br>-vs- §<br>§<br>AMAZON.COM, INC., AMAZON.COM §<br>SERVICES, INC., AMAZON WEB SERVICES, §<br>INC., AMAZON.COM LLC, §<br>    *Defendants* § | W-20-CV-00553-ADA |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Came on for consideration Plaintiff's Opposed Motion for Reconsideration of the Court's Order Granting Amazon's Motion to Transfer Venue under 28 U.S.C. § 1404(a) (the "Motion"). ECF No. 99. After review of all the provided briefs, including Plaintiff's Motion, Defendant Amazon's Response (ECF No. 100), and Plaintiff's Reply (ECF No. 102), this Court is of the opinion that the Plaintiff's Motion should be DENIED.

### Background

This Court previously ordered that the above captioned case be transferred to the United States District Court for the Western District of Washington on August 2, 2021. ECF No. 98. The docket reveals the following activity thereafter:

- August 2, 2021 – Court Order Granting Defendants' Motion to Transfer Venue
- August 2, 2021 – Case transferred to Western District of Washington
- August 6, 2021 – Plaintiff's Motion for Reconsideration
- August 9, 2021 – Case transferred from TXWD has been received and opened in Western District, Washington Division as case number 2:21-cv-1055.
- August 13, 2021 – Defendant's Response to the Motion
- August 20, 2021 – Plaintiff's Reply to Defendant's Response to the Motion

Accordingly, Plaintiff's Motion was filed *after* this Court transferred the case, but *before* the Western District of Washington received and opened the case. Plaintiff argues that this Court retains jurisdiction to decide the Motion, while Defendant contends this Court lacks the necessary jurisdiction to rule on the Motion.

## Legal Standards

"Generally speaking, a district court relinquishes all jurisdiction over a case when it is transferred to another district court." *Jones v. InfoCure Corp.*, 310 F.3d 529, 533 (7th Cir. 2002); *see also In re Red Barn Motors, Inc.*, 794 F.3d 481, 484 (5th Cir. 2015) ("It seems uncontroversial … that a transfer to another circuit removes the case from our jurisdiction, and numerous circuits have stated that rule plainly."); *Bustos v. Dennis*, No. SA-17-CV-39-XR, 2017 WL 1944165, at *2 (W.D. Tex. May 8, 2017) (dismissing motion for reconsideration of transfer order for lack of jurisdiction). A transfer is complete when the transferee court dockets the case. *See Auto. Body Parts Ass'n. v. Ford Glob. Techs., LLC*, No. 4:13-CV-00705, 2015 WL 1517524, at *1 (E.D. Tex. Apr. 2, 2015) ("It is well established that '[o]nce the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer.'" (quoting *Schwartz v. Curtis*, No. 4:07-CV-3494, 2008 WL 4467560, at *1 (S.D. Tex. Oct. 2, 2008))); *see also Chrysler County Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1517 (10th Cir. 1991) ("The date the papers in the transferred case *are docketed in the transferee court* … forms the effective date that jurisdiction in the transferor court is terminated.") (emphasis added).

Under Rule 59(e) of the Federal Rules of Civil Procedure, a court looks to three grounds for reconsideration: (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) manifest error of law or fact. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d

563, 567 (5th Cir. 2003). "'Manifest error' is one that is 'plain and indisputable.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

## Discussion

Some court must necessarily have jurisdiction over an ongoing case at all times. Thus, a transferor court maintains jurisdiction after ordering a transfer until the transferee court receives the case. Here, Plaintiff timely filed a motion for reconsideration between the date of transfer by this court and receipt by the Western District of Washington. Because Plaintiff filed its Motion for Reconsideration before the case was received and opened in the Western District of Washington, this Court has jurisdiction.

In its motion, Plaintiff seeks reconsideration of this Court's order granting transfer pursuant to 28 U.S.C. § 1404(a), claiming manifest errors of law and fact in dismissing evidence of highly relevant witnesses and documents in or near this district and in finding the localized interests factor to favor transfer. The Court disagrees. Plaintiff seeks reconsideration of the Court's exercise of discretion in analyzing certain evidence and factors. This does not amount to a "manifest error" that is "plain and indisputable." *See id.* Furthermore, the Court is unpersuaded by Plaintiff's arguments and finds that the factors were properly weighed in the Court's initial order to transfer. ECF No. 98.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration is DENIED. SIGNED this 1st day of October, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE